✐JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Warren Wilkerson | Midland Funding, LLC |
| **(b)** County of Residence of First Listed Plaintiff    Philadelphia, PA | County of Residence of First Listed Defendant    San Diego, CA |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorneys (Firm Name, Address, and Telephone Number) <br> Fred Davis, Esq. - Davis Consumer Law Firm, 500 Office Ctr Drive, Suite 400, Ft. Washington PA 19034 1-855-432-8475 | Attorneys (If Known) <br> Lawrence J. Bartel, Esquire, 2000 Market Street, Suite 2300, Philadelphia, PA 19103 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits. <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 195 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury – Med Malpractice <br> ☐ 365 Personal Injury – Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other <br> **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☒ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent, Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing / Accommodations <br> ☐ 444 Welfare <br> ☐ 445 Amer. w/Disabilities— Employment <br> ☐ 446 Amer. w/Disabilities— Other <br> ☐ 440 Other Civil Rights | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence <br> Habeas Corpus: <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. § 227, et seq. and 15 U.S.C. § 1692, et seq.

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** 3,500    CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE    November 31, 2014

SIGNATURE OF ATTORNEY OF RECORD    *Lawrence J. Bartel*

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**      **(a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**      **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**      **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**      **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**      **Origin** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**      **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:      U.S. Civil Statute: <u>47 USC 553</u>
                                                  Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**      **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**      **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WARREN WILKERSON,** | |
| Plaintiff, | **Civil Action No.** |
| **vs.** | |
| **MIDLAND FUNDING, LLC,** | |
| Defendant. | |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendant, Midland Funding, LLC (hereinafter "MF"), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby removes the action captioned as <u>Warren Wilkerson v. Midland Funding, LLC</u>, docket no. 002938-2014, as filed in the Court of Common Pleas for Philadelphia County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1. On or about October 24, 2014 Plaintiff filed the Action in the Court of Common Pleas for Philadelphia County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

2. MF first received notice of the Action on October 31, 2014, when it was served with Plaintiff's Complaint.

3. Based on the foregoing, MF has timely filed this Notice of Removal within thirty days of being served with the Complaint and

1

within thirty days of the date that the Action was first removable. See 28 U.S.C. § 1446(b).

4.     The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Asset pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged that MF violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting claims that arise under federal law.

5.     In that the causes of action alleged by the Plaintiff arise from the performance of obligations of the parties within Philadelphia County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.     Pursuant to 28 U.S.C. § 1446(d), MF will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Philadelphia County Court of Common Pleas.

**WHEREFORE**, Defendant, Midland Funding, LLC notifies this Court that this Action is removed from the Court of Common Pleas for Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.**

By:   *Lawrence J. Bartel*
Lawrence J. Bartel, ESQUIRE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2780 / (215) 575-0856 (f)
Ljbartel@mdwcg.com
Attorneys for Defendant
Midland Funding, LLC

Dated:  November 31, 2014

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

WARREN WILKERSON,

                    Plaintiff,

  **vs.**

MIDLAND FUNDING, LLC,

                    Defendant.

Civil Action No.

## CERTIFICATE OF SERVICE

I, Lawrence J. Bartel, Esquire, do hereby certify that a true and correct copy of Defendant, Midland Funding, LLC's Notice of Removal was served upon the below-listed counsel of record by regular mail on December 1, 2014:

> Fred Davis, Esquire
> Davis consumer Law Firm, LLC
> 500 Office Center Drive, Suite 400
> Ft. Washington, PA 19034
> Attorneys for Plaintiff
> Earl Jones

> **MARSHALL DENNEHEY WARNER**
> **COLEMAN & GOGGIN, P.C.**

By:   *Lawrence J. Bartel*

Lawrence J. Bartel, ESQUIRE
Attorneys for Defendant
Midland Funding, LLC

Dated:  November 31, 2014

4

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

OCTOBER 2014

002938

| PLAINTIFF'S NAME<br>WARREN WILKERSON | DEFENDANT'S NAME<br>MIDLAND FUNDING LLC |
|---|---|
| PLAINTIFF'S ADDRESS<br>1042 ALCOTT ST<br>PHILA PA 19149 | DEFENDANT'S ADDRESS<br>8875 AERO DRIVE-SUITE 200<br>SAN DIEGO CA 92123 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS<br>1 | TOTAL NUMBER OF DEFENDANTS<br>1 | COMMENCEMENT OF ACTION |
|---|---|---|

COMMENCEMENT OF ACTION
- [X] Complaint
- [ ] Petition Action
- [ ] Notice of Appeal
- [ ] Writ of Summons
- [ ] Transfer From Other Jurisdictions

AMOUNT IN CONTROVERSY
- [X] $50,000.00 or less
- [ ] More than $50,000.00

COURT PROGRAMS
- [X] Arbitration
- [ ] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
10 - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
OCT 24 2014
D. SAVAGE

IS CASE SUBJECT TO
COORDINATION ORDER?
YES          NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: WARREN WILKERSON

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>FRED E. DAVIS | ADDRESS<br>500 OFFICE CTR DR<br>SUITE 400<br>FT. WASHINGTON PA 19034 |
|---|---|
| PHONE NUMBER<br>(855)432-8475 | FAX NUMBER<br>(855)435-9294 | |
| SUPREME COURT IDENTIFICATION NO.<br>93907 | E-MAIL ADDRESS<br>freddavis04@aol.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>FRED DAVIS | DATE SUBMITTED<br>Friday, October 24, 2014, 12:57 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd.  5th fl.  at 09:15 AM - 07/24/2015
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

Fred Davis, Esquire
Identification No. 93907

**ATTORNEY FOR PLAINTIFF**

DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

THIS IS AN ARBITRATION MATTER. NO
ASSESSMENT OF DAMAGES
HEARING IS REQUESTED.

WARREN WILKERSON
1042 Alcott St
Phila, PA
19149

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

*Plaintiff*

v.

CIVIL ACTION

MIDLAND FUNDING, LLC
8875 Aero Dr.-Ste 200
San Diego, CA
92123

DOCKET NO.:

*Defendant*

NOTICE TO DEFEND
CODE: 1900

You have been sued in court.  If you wish to defend against the claims set forth in the
following pages, you must take action within twenty (20) days after this complaint and
notice are served, by entering a written appearance personally or by attorney and filing in
writing with the court your defenses or objections to the claims set forth against you.
You are warned that if you fail to do so the case may proceed without you and a
judgment may be entered against you by the court without further notice for any money
claimed in the complaint or for any other claim or relief requested by the plaintiff.  You
may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO
NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE
THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL
HELP.

Case ID: 141002938

PHILADELPHIA COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO
SERVICE

Philadelphia Bar Association
1101 Market Street, 11th Floor
Phila, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas
demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al
partir de ia fecha de la demanda y ia notificacion.  Hace falta asentar una comparencia
escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas
o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se
defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin
previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y
requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede
perder dinero o sus propiedades u ostros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE
ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.
VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA
DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE
PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
Colegio de Abogados de Philadelphia
1101 Market Street, 11th Floor
Phila, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

Case ID: 141002938

Fred Davis, Esquire
Identification No. 93907
DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION MATTER.
ASSESSMENT OF DAMAGES HEARING IS
REQUESTED.

WARREN WILKERSON
1042 Alcott St
Phila, PA
19149

*Plaintiff*

v.

MIDLAND FUNDING, LLC
8875 Aero Dr.-Ste 200
San Diego, CA
92123

*Defendant*

COURT OF COMMON PLEAS

PHILADELPHIA COUNTY

CIVIL ACTION

## COMPLAINT

1.    Plaintiff, WARREN WILKERSON, is an adult individual citizen and legal resident of the State of Pennsylvania, living at 1042 Alcott St St, Phila, Pa 19149.

2.    Defendant, MIDLAND FUNDING, LLC, is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 8875 Aero Dr.-Ste 200, San Diego, CA 92123. Defendant can be served at that address.

3.    Plaintiff avers that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

Case ID: 141002938

## JURISDICTION AND VENUE

4.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

5.      Defendant regularly conducts business in the State of Pennsylvania and in the County of Philadelphia, therefore, personal jurisdiction is established.

6.      Venue is proper in Philadelphia County pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179.

7.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8.      Plaintiff is a natural person residing in Phila, PA.

9.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.      Defendant, MIDLAND FUNDING, LLC, is a company handling debt collection matters with headquarters located at 8875 Aero Dr.-Ste 200, San Diego, CA 92123.

11.      Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

12.      Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

Case ID: 141002938

## FACTUAL ALLEGATIONS

13.     On May 20, 2014, Defendant filed a lawsuit against Plaintiff in the Philadelphia Municipal Court.  The suit sought damages of $1,632.56 for an alleged default on a credit-card account allegedly opened on April 30, 2007 and originally held by "CITIBANK, N.A.".  *See* Exhibits "A" and "B".

14.     Defendant contended that it purchased the alleged debt of $1,632.56 after the alleged original creditor, "CITIBANK, N.A." charged off and assigned the debt to Defendant. *See* exhibit "B".

15.     On September 22, 2014, Default judgment was entered for Plaintiff in the Philadelphia Municipal Court. *See* Exhibit "C".

16.     Plaintiff alleges and avers that Defendant produced no credible evidence that any account between Plaintiff and "CITIBANK N.A." ever existed, and Defendant thus had no legal or contractual right to file this suit or seek payment of this alleged debt from Plaintiff.

17.     Plaintiff further alleges and avers that Defendant produced no evidence that Plaintiff incurred any debt on any account held by "CITIBANK, N.A.", and thereby misrepresented the amount owed on the alleged account.

18.     Plaintiff further alleges and avers that Defendant misrepresented the legal status of the alleged debt by arguing that it was an assignee and/or successor in interest to "CITIBANK, N.A", and that Defendant failed to adduce sufficient evidence of any credit agreement between Plaintiff and "CITIBANK, N.A.".

Case ID: 141002938

19.     Plaintiff alleges and avers that Defendant misrepresented the nature and legal status of the alleged debt because Defendant's lawsuit to collect this alleged debt was time-barred by the four-year statute of limitations as imposed by <u>42 Pa. C.S. 5525(a)</u>.

20.     Defendant made or caused to be made numerous, offensive phone calls to Plaintiff and unrelated third-parties attempting to collect the alleged "debt".

## CONSTRUCTION OF APPLICABLE LAW

21.     The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); <u>see also</u> <u>Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

22.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

23.     The FDCPA is to be interpreted in accordance with the "least

Case ID: 141002938

sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT

24.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

        a.     Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

        b.     Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

        c.     Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

        d.     Attempting to collect an amount not authorized by contract or law in violation of 15 U.S.C. §1692f.

Case ID: 141002938

e.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, WARREN WILKERSON, respectfully prays for a judgment as follows:

a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.    Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and Any other relief deemed appropriate by this Honorable Court.

DAVIS CONSUMER LAW FIRM

By:    _____
      Fred Davis-PA ID# 93907
      Attorney for Plaintiff, WARREN WILKERSON
      500 Office Center Drive-Suite 400
      Ft. Washington, PA    19034
      Tel – 1-855-432-8475/Facsimile-1-855-435-9294
      Email: fdavis@usacreditlawyer.com

Case ID: 141002938

## VERIFICATION

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

DAVIS CONSUMER LAW FIRM

By: _____

Fred Davis-PA ID# 93907
Attorney for Plaintiff, WARREN WILKERSON
500 Office Center Drive-Suite 400
Ft. Washington, PA   19034
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

Case ID: 141002938

Verification

Marycruz Ortiz, whose business address is 16 Mcleland Road Suite 101, St. Cloud, MN 56303, certifies and says:

1.      I am an officer for MIDLAND FUNDING LLC and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of plaintiff.  I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf.  Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's CITIBANK, N.A. account XXXXXXXXXXXXX8783 (MCM Number 8560621017) (hereinafter "the account").  I have access to and have reviewed the records pertaining to the account and am authorized to make this verification on plaintiff's behalf.

2.      Based upon my review of the business records: 1) defendant(s) opened the CITIBANK, N.A. account on 2007-04-30; 2) the last payment posted to the account on 2011-07-24; and 3) the account was charged off on 2012-02-26.

3.      The business records show that the defendant(s) owed a balance of $1632.56 as of 2014-04-28.

I certify under penalty of perjury that the foregoing statements are true and correct. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

MAY 0 1 2014
_____
Date

CA117
Midland Funding, LLC

_____
Marycruz Ortiz

_ PLtF  EX  "B" _


O292405AFF2-1-


8560621017


AFFRECORD

Case ID: 141002938



### PHILADELPHIA MUNICIPAL COURT
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge     Patricia R. McDermott, Deputy Court Administrator

# SC-14-05-20-5417

| Midland Funding, LLC<br>8875 Aero Drive Suite 200<br>San Diego, CA 92123 | WARREN WILKERSON<br>1042 Alcott St<br>Philadelphia, PA 19149 |
|---|---|
| *Plaintiff* | *Defendant(s)* |

DANIEL J. SANTUCCI

_____
Plaintiff/Attorney
Attorney #      092800

Address & Phone
1 INTERNATIONAL PLAZA 5TH FLOOR
PHILADELPHIA, PA 19111
800-265-8825

## O R D E R

**AND NOW,** to wit this ___22nd___ day of ___September___, ___2014___, upon consideration of the above captioned complaint, it is hereby ordered and decreed that the above captioned case be marked as follows:

Judgment for Defendant by Default.

$-$ _PLAF EX "C"_ $-$

**BY THE COURT:**

_____ KS (P.D.)
J.

51 (07/09/01)

Case ID: 141002938

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **WARREN WILKERSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MIDLAND FUNDING, LLC** | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)   Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                     ( )

(b)   Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                               ( )

(c)   Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)   Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                          ( )

(e)   Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                            ( )

(f)   Standard Management--Cases that do not fall into any one of the other tracks.            (X)

---

| | | |
|---|---|---|
| November 31, 2014 | *Lawrence J. Bartel* | Defendant, Midland Funding, LLC |
| Date | Attorney-at-law | Attorney for |
| | Lawrence J. Bartel, | |
| | Esquire. | |

| | | |
|---|---|---|
| | | Ljbartel@mdwcg.com |
| (215) 575-2780 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)   10/02

551629

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See § 1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as"complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Warren Wilkerson c/o Fred Davis, Esq. - Davis Consumer Law Firm, 500 Office Ctr Drive, Suite 400, Ft. Washington PA 19034  1-855-432-8475

Address of Defendant: Midland Funding, LLC c/o Lawrence J. Bartel, Esquire 2000 Market Street, Suite 2300 Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Philadelphia County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☑   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☑

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes ☐   No ☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
   (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability --- Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Lawrence J. Bartel , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: November 31, 2014          Lawrence J. Bartel          94006

Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: November 31, 2014          Lawrence J. Bartel          94006

Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **WARREN WILKERSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MIDLAND FUNDING, LLC** | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)   Social Security-Cases requesting review of a decision of the Secretary of Health
        and Human Services denying plaintiff Social Security Benefits.                                  ( )

(c)   Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)   Asbestos-Cases involving claims for personal injury or property damage from
        exposure to asbestos.                                                                                              ( )

(e)   Special Management-Cases that do not fall into tracks (a) through (d) that are
        commonly referred to as complex and that need special or intense management by
        the court.  (See reverse side of this form for a detailed explanation of special
        management cases.)                                                                                              ( )

(f)   Standard Management--Cases that do not fall into any one of the other tracks.            (X)

| | | |
|---|---|---|
| | | Defendant, Midland |
| November 31, 2014 | *Lawrence J. Bartel* | Funding, LLC |
| Date | Attorney-at-law | Attorney for |
| | Lawrence J. Bartel, | |
| | Esquire. | |
| | | Ljbartel@mdwcg.com |
| (215) 575-2780 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)   10/02

551629

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See § 1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Warren Wilkerson c/o Fred Davis, Esq. - Davis Consumer Law Firm, 500 Office Ctr Drive, Suite 400, Ft. Washington PA 19034 1-855-432-8475

Address of Defendant: Midland Funding, LLC c/o Lawrence J. Bartel, Esquire 2000 Market Street, Suite 2300 Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Philadelphia County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☑  No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☑

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
(Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Lawrence J. Bartel _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: November 31, 2014 _____  Lawrence J. Bartel _____  94006 _____

Attorney-at-Law                                 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: November 31, 2014 _____  Lawrence J. Bartel _____  94006 _____

Attorney-at-Law                                 Attorney I.D.#

CIV. 609 (6/08)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WARREN WILKERSON     :
            :
    V.       :     Civil Action
            :     No: _____
MIDLAND FUNDING, LLC    :
            :

DISCLOSURE STATEMENT FORM

Please check one box:

☐    The nongovernmental corporate party, _____
    , in the above listed civil action does not have any parent corporation and
    publicly held corporation that owns 10% or more of its stock.

☑    The nongovernmental corporate party, MIDLAND FUNDING, LLC _____
    , in the above listed civil action has the following parent corporation(s) and
    publicly held corporation(s) that owns 10% or more of its stock:

    Encore Capital Group, Inc., a publicly-traded corporation, owns 10% or more of Midland Funding, LLC's stock
    _____
    _____
    _____

11\31\14 _____     _Laurence J. Bartel_____
  Date            Signature

      Counsel for: MIDLAND FUNDING, LLC _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
  (a)  WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
     two copies of a disclosure statement that:
     (1)  identifies any parent corporation and any publicly held corporation
        owning10% or more of its stock;  or

     (2)  states that there is no such corporation.

  (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
     (1)  file the disclosure statement with its first appearance, pleading,
        petition, motion, response, or other request addressed to the court;
        and
     (2)  promptly file a supplemental statement if any required information
        changes.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WARREN WILKERSON                    :
                                    :
          V.                        :          Civil Action
                                    :          No: _____
MIDLAND FUNDING, LLC                :
                                    :

DISCLOSURE STATEMENT FORM

Please check one box:

☐          The nongovernmental corporate party, _____
           , in the above listed civil action does not have any parent corporation and
           publicly held corporation that owns 10% or more of its stock.

☑          The nongovernmental corporate party, MIDLAND FUNDING, LLC
           , in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:

           Encore Capital Group, Inc., a publicly-traded corporation, owns 10% or more of Midland Funding, LLC's stock
           _____
           _____
           _____

11/31/14                                      _Laurena J. Bartel_
_____                           _____
Date                                          Signature

                    Counsel for:   MIDLAND FUNDING, LLC

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
            two copies of a disclosure statement that:
            (1)   identifies any parent corporation and any publicly held corporation
                  owning 10% or more of its stock;  or

            (2)   states that there is no such corporation.

      (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
            (1)   file the disclosure statement with its first appearance, pleading,
                  petition, motion, response, or other request addressed to the court;
                  and
            (2)   promptly file a supplemental statement if any required information
                  changes.